IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALBERT CARTER, JR. ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v ) | Civil Action No. 2:08cv882-TMH |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is federal inmate Albert Carter, Jr. ("Carter")'s motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]  In this motion, Carter attacks his 2003 conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  Carter also purports to seek relief from this court's September 2007 judgment denying a previously filed § 2255 motion in which Carter attacked the same 2003 conviction.[2]  For the reasons discussed below, the court concludes that Carter is not entitled to any relief and that the motion should be denied.

**I.   DISCUSSION**

**A.   Relitigating the Previous § 2255 Motion**

---

[1]Although Carter's motion is date-stamped "received" on November 3, 2008, under the "mailbox rule," the court deems it filed on the date he delivered it to prison authorities for mailing, presumptively, October 30, 2008, the day that he signed it.  *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2]*See United States v. Carter*, Case No. 2:05cv654-MEF, Doc. No. 24 (September 24, 2007, Judgment of the Court and Order adopting August 6, 2007, Recommendation of the Magistrate Judge (Doc. No. 14)).

To the extent the disjointed allegations in Carter's § 2255 motion can be understood, it appears that he asserts the following claims:

1. The government improperly changed the charge against Carter from the criminal complaint that was originally filed against him to the indictment that was ultimately returned.

2. Carter's arrest was unlawful because the charge against him was changed from the criminal complaint to the indictment.

3. The district court was without jurisdiction to accept Carter's guilty plea and impose sentence because the charge against Carter was changed from the criminal complaint to the indictment.

4. The transcript of the sentencing hearing was "altered."

5. Trial counsel was ineffective for failing to investigate and challenge the improper changing of the charge against Carter.

6. Counsel rendered ineffective assistance by failing to object to a "perjured affidavit" that was used to obtain the indictment against Carter.

7. Counsel was ineffective for failing to object to the district court's factual finding at sentencing that the firearm in Carter's possession was stolen.

8. Counsel rendered ineffective assistance by incorrectly advising Carter that he would serve his federal sentence first before having to do time on a state prison sentence.

9. Counsel was ineffective for failing to move for the district court judge to recuse himself at Carter's sentencing.

10. The district court abused its discretion by denying Carter's previous § 2255 motion without reaching the merits.

11. The district judge who denied the previous § 2255 motion should have recused himself from ruling in that proceeding.

In Claims 1 through 9 set out above, Carter seeks to challenge the fundamental legality

of his 2003 conviction and sentence. Most of these claims were asserted, in one form or another, in Carter's previous § 2255 motion.[3] Thus, Carter is attempting, by and large, to relitigate issues decided adversely to him in the proceeding on his previous motion. To the extent Carter presents any new allegations in Claims 1 through 9, those claims nonetheless attack the legality of his conviction and sentence. Therefore, Claims 1 through 9 amount to a second attempt by Carter at § 2255 relief. *See Wofford v. Scott*, 177 F.3d 1236, 1244-45 (11th

---

[3]In his previous § 2255 motion, Carter argued that he received ineffective assistance of counsel for the following reasons:

1. Counsel failed to argue that the district court was without jurisdiction to render judgment or impose sentence in his case.

2. Counsel failed to argue that the government committed prosecutorial misconduct by changing the charge against him from the criminal complaint to the indictment.

3. Counsel failed to object to the district court's factual finding that the firearm in his possession was stolen.

4. Counsel failed to discuss the plea agreement with him.

5. Counsel failed to provide him with a copy of the presentence investigation report.

6. Counsel incorrectly advised him that he would serve his federal sentence first before having to do time on a state prison sentence.

7. Counsel on appeal failed to argue that the district court abused its discretion when it allowed the attorney who was dismissed by Carter at the sentencing hearing to remain in the courtroom during the hearing to assist Carter if the need for legal expertise arose.

Carter initially presented several substantive claims as well as independent allegations of ineffective assistance of counsel. In later pleadings, however, he also cast his substantive claims in terms of ineffective assistance of counsel, arguing that his counsel was ineffective for failing to raise the substantive claims. For organizational and analytical purposes, this court discussed Carter's ineffective assistance of counsel claims together with the related underlying substantive claims. *See United States v. Carter*, Case No. 2:05cv654-MEF, Doc. No.14, Recommendation of the Magistrate Judge.

Cir. 1999) (claims challenging the fundamental legality of a conviction and sentence are appropriately considered under 28 U.S.C. § 2255).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, a movant must first obtain permission from the appropriate court of appeals authorizing the district court to consider the motion.[4]  *See* 28 U.S.C. § 2244(b)(3)(A).  A district court lacks jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion.  *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *see also Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).  Because Carter has already filed a motion under § 2255 and has failed to provide certification from the Eleventh Circuit authorizing this court to consider this motion, this court lacks the jurisdiction to reconsider claims litigated in the previous § 2255 action or to consider any new claims that, at bottom, attack the legality of Carter's conviction and sentence.  Consequently, this court is without jurisdiction to consider Claims 1 through 9 in the instant § 2255 motion, and these claims should be summarily dismissed.

**B.     Remaining Claims**

Carter also argues that this court abused its discretion by denying his previous § 2255 motion without reaching the merits (see Claim 10, as set out above), and that the district judge

---

[4]The appellate court must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *See* 28 U.S.C. § 2255 ¶8.

who denied the previous § 2255 motion should have recused himself from ruling in that proceeding (Claim 11 above). Arguably, these are matters separate from the propriety of the underlying conviction itself.

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court held that where a motion either (1) challenges a federal court's previous ruling as to a habeas claim that "precluded a merits determination [of that claim] ... – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar," or (2) actually "attacks, not the substance of the federal court's resolution of a [habeas] claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion is proper under Fed.R.Civ.P. 60(b), and the movant need not present the district court with the certification from the court of appeals that is ordinarily required for a second or successive habeas petition.[5] *Gonzalez*, 545 U.S. at 532 & 532 n.4; *see* 28 U.S.C. § 2244.

### 1.   *Court's Failure to Reach Merits of Previous § 2255 Motion*

Carter's claim that this court denied his previous § 2255 motion without reaching the merits is frivolous. Not only does Carter fail to point to a specific claim presented in his previous motion that was *not* addressed by this court in its judgment denying that motion, but a review of the record of that proceeding establishes that each claim presented in Carter's previous motion was addressed *on the merits* by this court. *See United States v. Carter*, Case

---

[5]The Supreme Court in *Gonzalez* specifically addressed habeas proceedings challenging state-court convictions under 28 U.S.C. § 2254. However, the Eleventh Circuit has stated that the holding and rationale of *Gonzalez* apply equally to § 2255 and § 2254 habeas proceedings. *See United States v. Terrell*, 141 Fed.Appx. 849, 850 (11th Cir. 2005).

No. 2:05cv654-MEF, Doc. No.14, Recommendation of the Magistrate Judge.  Obviously, therefore, there was *not* a ruling by this court that "precluded a merits determination" of any claim in the § 2255 motion (much less an erroneous ruling precluding a merits determination). *See Gonzalez*, 545 U.S. at 532 n.4.  Consequently, Carter is not entitled to any relief – under either Fed.R.Civ.P.60(b) or 28 U.S.C. § 2255 – based on his instant claim that this court abused its discretion in failing to reach the merits of his previous § 2255 motion.

### 2. *District Judge's "Bias" as Grounds for Recusal*

Finally, Carter contends that Judge Mark E. Fuller, the district judge who presided over and denied his previous § 2255 motion, should have recused himself from ruling in that proceeding because Judge Fuller was biased against him.  Because an allegation of bias arguably asserts a "defect in the integrity of the federal habeas proceedings," *see Gonzalez*, 545 U.S. at 532, this court addresses Carter's allegation.

Carter raises one argument to show the judge's bias.  According to Carter, in 1996, when Judge Fuller was a prosecutor with the District Attorney's Office for Pike County, Alabama, Judge Fuller failed to subpoena a witness who could have testified at a grand jury hearing regarding an incident in which the four-year-old son of Carter's niece was struck and killed by a hit-and-run driver.  Carter maintains that, prior to the grand jury hearing, his niece informed Judge Fuller that the witness could testify that he saw the driver "speed up" after running over the child, who was dragged beneath the driver's car for some distance.  Carter states that, provided with this information, Judge Fuller nevertheless did not call the witness to testify before the grand jury investigating the incident and told the child's mother (Carter's

niece) that she could not attend the grand jury hearing. According to Carter, the grand jury ultimately no-billed the case and criminal charges were never filed against the driver. These facts, as alleged by Carter, supposedly indicate that Judge Fuller had a personal bias against Carter that warranted his recusal from consideration of Carter's § 2255 motion.[6]

Under 28 U.S.C. § 455(a), "any justice, judge, or magistrate [judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. Section 455(b)(1) requires judicial recusal where a judge "has a personal bias or prejudice concerning a party." Here, the circumstances Carter has identified – Judge Fuller's limited encounter with Carter while serving in the District Attorney's Office in Pike County, ten years earlier, in a matter involving family members of Carter – are so attenuated and remote that they simply do not give rise to an appearance of bias or partiality that would require recusal. Based on the matters alleged by Carter, there is no valid reason or basis to question Judge Fuller's impartiality in the § 2255 proceedings.[7] Therefore, Carter is not entitled to any relief based on this claim.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2255

---

[6] During the pendency of the previous § 2255 action, Carter filed a motion for Judge Fuller to recuse himself based on essentially the same allegations asserted by Carter in the instant motion. *See United States v. Carter*, Case No. 2:05cv654-MEF, Doc. No.13. Judge Fuller denied the motion for recusal on the ground that it lacked merit. *Id*., Doc. No. 17.

[7] The court notes that Carter also claims that his trial counsel was ineffective for failing to move for Judge Fuller judge to recuse himself at Carter's sentencing based on the same allegations of bias. (See Claim 9, above.) Because that claim goes to the propriety of Carter's conviction and sentence, it is subject to dismissal pursuant to the rules governing successive § 2255 motions. (See Part I.A of this Recommendation.)

motion filed by Carter on October 30, 2008 (Doc. No. 1), be denied, as this court is without jurisdiction to consider the successive claims in the motion (Claims 1 through 9) and the remaining claims (Claims 10 and 11) lack merit and do not entitle Carter to any relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before December 4, 2008.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

Done this 21st day of November, 2008.

                    /s/Charles S. Coody
                    CHARLES S. COODY
                    UNITED STATES MAGISTRATE JUDGE